

**Defending Democracy and Civil Rights**
in the courts and in the streets.

Nick Place • 617 Florida Avenue NW, Washington, DC 20001 202-220-8750 •
nick.place@justiceonline.org • JusticeOnline.org

October 7, 2025

Travis Wolf
Assistant United States Attorney
U.S. Attorney's Office for the District of
Columbia
601 D Street N.W.
Washington, DC 20530
*Via* email to travis.wolf@usdoj.gov

Re: **United States v. Jan Carey**
25-CR-251 (JEB)

Dear Mr. Wolf-

    I write to formally request all discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure, as well as all materials which are discoverable pursuant to other statutes and case law, *Brady v. Maryland*, 373 U.S. 83 (1963) and *United States v. Giglio*, 405 U.S. 150 (1982), and their progeny, and 18 U.S.C. § 3500.

    This request encompasses information both within the possession of federal agents, and within the possession of state agents, agencies, and offices with whom you or your agents have been working in the course of the investigation of this matter.

**Discovery Already Provided**

Thus far, the defense has been provided with the following discovery from your office:

Discovery Provided September 17, 2025:

1. Police Reports
    a. 4433_001.pdf
    b. Arrest report_Redacted.pdf
    c. PP25-114469 IMARS Report-Flag Burning.pdf
2. Photographs
    a. _JCW0001.jpg-JCW00017.jpg
    b. IMG_0923, 0924, 0925.jpeg
3. Body-Worn Camera (BWC)
    a. Video
        i. Axon_Body_3_Video_2025-08-25_1913_X60AE948Y
        ii. Axon_Body_3_Video_2025-08-25_1901_X60AA818E
        iii. Axon_Body_3_Video_2025-08-25_1901_X60A44341

    iv. Axon_Body_3_Video_2025-08-25_1857_X60A3217Y
  b. Documentation
    i. uspp_Audit_Log_for_Axon_Body_3_Video_2025-08-25_1913_X60AE948Y.mp4.pdf
    ii. uspp_Audit_Log_for_Axon_Body_3_Video_2025-08-25_1901_X60AA818E.mp4.pdf
    iii. uspp_Audit_Log_for_Axon_Body_3_Video_2025-08-25_1901_X60A44341.mp4.pdf
    iv. uspp_Audit_Log_for_Axon_Body_3_Video_2025-08-25_1857_X60A3217Y.mp4.pdf
    v. Table_of_Contents.xlsx

**Additional Discovery Specifically Requested**

I wanted to direct your attention specifically to the below outstanding materials, which I believe are likely to exist in some form:

1. Communications on August 25, 2025 between a) White House Staff, the Department of Justice, or U.S. Attorney's Office for the District Columbia, and b) the agents of the U.S. Park Police, U.S. Secret Service, or any other law enforcement agency involved with Mr. Carey's arrest, detention, and charging of Mr. Carey.

Please note that each request listed below calls for all items which are within the possession, custody, or control of the government, or which are either known to exist or could by the exercise of due diligence become known to the government. Each request is also of a continuing nature, and prompt notice is requested if responsive information comes to the government's attention at any point in the future. Should your office decline to provide any information requested herein, please advise in writing of the objection and reasons supporting the objection.

### I.   Mr. Carey's Statements

Please provide any relevant written or recorded statement Mr. Carey made, within the government's possession, custody, or control, the existence of which is known or by the exercise of due diligence may become known, to you or any other government attorney. Fed. R. Crim. P. 16(a)(1)(B)(i).

Please provide that portion of any written record containing the substance of any relevant oral statement Mr. Carey made whether before or after arrest in response to interrogation by an individual Mr. Carey knew to be a government agent at that time. Fed. R. Crim. P. 16(a)(1)(B)(ii).

Please provide any oral statement Mr. Carey made whether before or after arrest in response to interrogation by an individual he knew to be a government agent at the time if the government intends to use the statement at trial, including for impeachment or during rebuttal. Fed. R. Crim. P. 16(a)(1)(A).

Please provide a copy of Mr Carey's grand jury testimony, if any exists, related to the charged offense. Fed. R. Crim. P. 16(a)(1)(B)(iii).

### II.   Mr. Carey's Prior Record

Please provide a copy of Mr. Carey's prior criminal record, arrests, and convictions, if any,

which are in the government's possession, custody, or control, if the government knows or through due diligence could know exist.

### III. Documents and Tangible Evidence

Please provide any books, papers, documents, notes, photographs, tangible objects, copies or portions thereof, or make available for my inspection any buildings or places, which are in the government's possession, custody, or control and which are material to the preparation of Mr. Carey's defense, or if the government intends to use the evidence in its case-in-chief at trial, or the government obtained from or that belong to Mr. Carey. Fed. R. Crim. P. 16(a)(1)(E).

### IV. Reports of Examinations and Tests

Please provide or make available any reports of examinations and tests. Specifically, I request the results or reports of any physical or mental examination of any scientific test or experiment, or copies thereof, which are in the government's possession, custody, or control, the existence of which is known, or by the exercise of due diligence may become known, to you or to any other attorneys for the government, and which are material to Mr. Carey's defense or which the government intends to introduce in its case-in-chief at trial. Fed. R. Crim. P. 16(a)(1)(F).

If any of these materials are created at a later time, please provide them as soon as they are complete, and in sufficient time for us to incorporate the material into our trial preparation, including the possible need to seek alternative testing or the assistance of experts to examine the material provided or to testify about the material provided.

### V. Expert Witnesses

Please provide me a written summary of any testimony that the government intends to use in its case-in-chief under Federal Rule of Evidence 702, 703, or 705. The summary must describe the expert's opinions, the bases and reasons for those opinions, and the expert's qualifications to comply with the rules. Fed. R. Crim. P. 16(a)(1)(G).

### VI. Jencks Material

I understand that the government does not have an obligation to provide me with the statements of its witnesses until those witnesses have testified in court. However, please allow this letter to notify you that I intend to ask for the statements of all witnesses you call at any hearing. Further, it is not enough that you provide me with any statements you have if you have not made an affirmative attempt to collect the witness's statements. I am requesting that you do so and provide those statements prior to any hearing governed by Rule 26.2 or 18 USC § 3500 or, at a minimum, after such a witness has testified. If, however, we receive statements after a direct examination, I will request a continuance or recess to review the material.

### VII. Brady and Giglio material

I am specifically requesting any information that would tend to negate the government's evidence or help to impeach any witness, including information that demonstrates bias, and any other information favorable toward guilt or innocence or that may lead to the discovery of any such information.

As you undoubtedly are aware, Brady material is in the possession of the government even when it is held by any another agency which has been involved in the investigation. *United States v. Robinson*, 627 F.3d 941, 951 (4th Cir. 2010). "[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419 (1995). The prosecutor's discovery

obligations extend to documents and information in the control of government agencies both within and outside of this district where "the prosecutor has knowledge and access to" such materials. *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989); *United States v. Rawle*, 927 F.2d 597, (4th Cir. 1991) (Table Opinion) (citing *Bryan* with favor); *Walker v. Lockhart*, 763 F.2d 942, 958 (8th Cir. 1985) ("Police are treated as an arm of the prosecution for Brady purposes"); see also *United States v. Perdomo*, 929 F.2d 967 (3d Cir. 1991) (prosecutor must search local records for information about key witness' background). The prosecution must make a "reasonable effort" to aid the defense in obtaining such information which relates to favorable evidence and witnesses. *United States v. Hernandez-Gonzalez*, 608 F.2d 1240, 1246 (9th Cir. 1979).

When the defense makes a specific request for *Brady* information, and there is a "substantial basis for claiming [the information requested is] material[ ]" . . . "the failure to make any response is seldom, if ever excusable." See *United States v. Agurs*, 427 U.S. 97, 106 (1976). If you disagree that any of the requested information should be disclosed, we respectfully request that you submit the information to the Court for in camera review. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 54 (1987).

As you know, it is not enough for the government merely to collect information from its agents or witnesses and pass that on to the defense. Prosecutors have an affirmative duty to seek out *Brady* and *Giglio* information and provide it. See *Kyles v. Whitley*, 514 U.S. 419, 432 – 33 (1995); USAM 9-5.001(B)(2) ([i]t is the obligation of federal prosecutors . . . to seek all exculpatory and impeachment information from all the members of the prosecution team [which includes] federal, state, and local law enforcement officers and other government officials participating in the investigation and prosecution of the criminal case against the defendant").

As this case continues, I will request additional discovery pursuant to the Rules and to Brady and Giglio to ask for items specifically favorable to my client. The following types of information, however, are nearly always exculpatory and I am specifically requesting to be provided with them:

1) Favorable witness statements, including negative exculpatory statements (statements that fail to mention my client being responsible or culpable with respect the charges).
2) The existence of witnesses favorable to the defense.
3) Test results that do not implicate my client as being responsible or culpable with respect to the charged offenses.
4) Any information that tends to cast doubt on a witness's credibility, including:
   a. Lies told by the witness.
   b. Prior inconsistent statements of the witness.
   c. Evidence that the witness may be hostile to the defense.
   d. Evidence that casts doubt on the ability of the witness to observe, recall, or recount any observations the witness made.
   e. Evidence that is inconsistent with any witness's testimony.
   f. Any evidence that a witness was offered a reward, whether formally or informally, in exchange for the witness's testimony.
   g. Information concerning any bad acts committed by the witness that may relate to the witness's credibility.
   h. Prior convictions of the witness.
   i. Any presentence reports of witnesses or codefendants that include exculpatory information.
   j. Reports of polygraph examinations performed on any government witnesses.
   k. Records of any psychiatric treatment a witness may have received.
   l. Information that a witness is on probation or parole.
   m. Information suggesting any witness is or was acting as an informant or is or was in a witness protection program.

      n.    Any threats made in relation to a witness's testimony.
      o.    Any informant witness's tax returns.
      p.    Information that a witness is the target or subject of any investigation.
      q.    Information within personnel files of government witnesses that relates to the witness's credibility, ability to perceive, recall, and recount evidence, or any information that the witnesses has been reprimanded or punished for official misconduct.

5)     The names and contact information for people the government does not intend to call as witnesses but may have knowledge of the charged offenses.

6)     Physical evidence inconsistent with the government's theory.

7)     Any evidence of other crimes not attributed to my client which may raise an inference that another individual(s) is responsible for the charged offenses.

8)     Because Brady material also relates to potential punishment, please provide any information that might help to reduce any potential sentence my client receives, whether pursuant to 18 USC 3553(a) or any guideline provision, including:

      a.    Evidence suggesting my client has a mitigating role in the offense
      b.    Any evidence suggesting any counts should be grouped
      c.    Any evidence showing my client has accepted responsibility
      d.    Any evidence suggesting my client's criminal record substantially over- represents the seriousness of his history or likelihood of recidivism
      e.    Any evidence that suggests my client may be eligible for the safety-valve provision
      f.    Any evidence that my client provided substantial assistance to authorities
      g.    Any mitigating evidence not otherwise adequately considered under the guidelines
      h.    Any evidence suggesting my client's actions were provoked by any victim's unlawful conduct
      i.    Any evidence suggesting my client may have committed the offense to avoid a perceived greater harm
      j.    Any evidence suggesting my client acted under coercion or duress
      k.    Any evidence of my client's diminished capacity
      l.    Any voluntary disclosure of the offense
      m.    Any evidence suggesting my client's actions were aberrant behavior.

## VIII. Wiretap and/or Title II Intercepts and/or Foreign Intercepts

The request set forth in this section relates to both domestic and foreign wiretap intercepts. As a predicate to potential motions pursuant to Rule 12 of the Federal Rules of Criminal Procedure, please indicate whether any Title III wiretap interception, or interception authorized under the laws of a foreign country, occurred during the investigation of this case, and whether or not any leads were derived therefrom. Also provide all relevant applications for court orders and 10-day or other reports pertaining to electronic or video or telescopically enhanced surveillance or "pen register" operations, or to the affixing of any instrument to record the telephone number of any incoming or outgoing calls in connection with this case. Please include all court orders, interim reports by the government to the court, logs, tapes, digital recordings, transcripts, applications for, or orders extending, dates for notification of such surveillance, as well as all papers submitted to the court concerning sealing of surveillance tapes or records. If surveillance was accomplished without court order, so state, including dates, times, places, etc. of such surveillance. We also request all tapes and transcriptions of any and all one-party "consent" aural acquisitions related to this case.

Please provide all "line sheets" (contemporary synopses of the wiretap interceptions) produced in sequence in a single file for each wiretap, and identify which calls were believed to be "pertinent" and which, if any, were "minimized." This information is necessary to determine whether the wiretaps were lawfully conducted.

Please provide all "Daily Reports" related to any intercepts. Experience has revealed that

agents monitoring wiretaps prepare daily reports as to the number of pertinent calls, the number of "minimizations," and any malfunctions or other irregularities. As with the "line sheets" requested above, this information is necessary to determine whether the wiretaps were lawfully conducted.

Please provide all Operating Procedures employed during the wiretaps. Experience has revealed that agents monitoring the wiretaps are given both an oral briefing on the procedures to be used and written operating procedures to be kept as a reference. As with the items requested above, this information is necessary to determine whether the wiretaps were lawfully conducted. Please provide transcripts of all intercepts, even if such are in rough form.

Thank you for your attention to these requests. If you do not believe any of the requested material is discoverable or disclosable, please let me know and provide any responsive material to the court to consider for in camera review. See *United States v. Abdallah*, 911 F.3d 201, 217 – 19 (4th Cir. 2018).

Please consider this request to continue for the duration of my client's case—including during any pending appeal—and please consider the request for exculpatory information to continue indefinitely.

**Definitions**

"Government" as used in the requests includes the Office of the United States Attorney; all branches, departments and agencies of the United States Government, including but not limited to the United States Department of Justice, the United States Attorney's Office for all districts, the Federal Bureau of Investigation, and any other federal agency. Thus, if information or documents covered by these requests is not in the possession of the U.S. Attorney's Office is otherwise in the possession of the "government," these requests call upon your office to obtain and produce such information or documents. See *United States v. Poindexter*, 727 F.Supp. 1470, 1478 (D.D.C. 1989).

Thank you for your assistance in this matter. If you need to contact me regarding this request, please feel free to do so.

    Sincerely,

    /s/ Nick Place
    Nick Place, Bar No. LA0021
    Counsel for Jan Carey
    Partnership for Civil Justice Fund
    617 Florida Ave., NW
    Washington. D.C. 20001
    Phone: (202) 220-8750
    Email: nick.place@justiceonline.org