UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JAN CAREY,**<br><br>**Defendant.** | **Case No. 1:25-cr-00251-JEB** |

**DEFENDANT JAN CAREY'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Jan Carey respectfully submits this Notice of Supplemental Authority to alert the Court to Executive Order 14294, 90 Fed. Reg 20363 (May 14, 2025), "Fighting Overcriminalization in Federal Regulations." A copy of the Executive Order, which only came to counsel's attention this week, is attached as Exhibit A.

Executive Order No. 14294 orders:

It is the policy of the United States that:

(a) **Criminal enforcement of criminal regulatory offenses is disfavored**.

(b) Prosecution of criminal regulatory offenses is most appropriate for persons who know or can be presumed to know what is prohibited or required by the regulation and willingly choose not to comply, thereby causing or risking substantial public harm. Prosecutions of criminal regulatory offenses should focus on matters where a putative defendant is alleged to have known his conduct was unlawful.

*Id.* (emphasis added). EO 14294 was signed May 9, 2025, three months before Mr. Carey's arrest.

The Government invoked the "presumption of regularity" in response to Mr. Carey's vindictive prosecution argument. Gov't's Opp. at 17 (ECF No. 15). EO 14294 explicitly states that prosecuting

1

criminal regulatory offenses is disfavored by policy of the United States. The EO demonstrates that this prosecution is irregular by the Executive's own ordered policy. Any deference due the Government via the presumption of regularity is thus refuted.

 EO 14294 also states that the

> Code of Federal regulations contains over 48,000 sections, stretching over 175,000 pages – far more than any citizen can possibly read, let alone fully understand. Worse, many carry potential criminal penalties for violations….The status quo is absurd and unjust…[the] situation can lend itself to abuse and weaponization by providing Government officials tools to target unwitting individuals….The purpose of this order is to ease the regulatory burden on everyday Americans and ensure no American is transformed into a criminal for violating a regulation they have no reason to know exists.

Executive Order No. 14294, 90 Fed. Reg. 20363 (May 14, 2025).

 The Government's stark deviation from official policy directly supports Defendant's arguments regarding vindictive prosecution targeting Mr. Carey for the exercise of his First Amendment rights, Def.'s Mot to Dismiss at 12-16 (ECF No. 12), and its statements of policy and intent stand squarely in support of his arguments regarding the operative regulatory scheme, vagueness, ambiguity and the rule of lenity, Def.'s Mot to Dismiss at 8-12 (ECF No. 12). It is also relevant to the need for discovery regarding the determination to pursue a prosecution that is contrary to and in conflict with explicit governmental policy. Def.'s Mot to Dismiss at 16-17 (ECF No. 12). Mr. Carey respectfully submits that EO 14294 is highly relevant to his Motion to Dismiss and, were this matter to proceed further, to *mens rea* requirements for the offenses charged.

Dated: December 3, 2025        Respectfully submitted,

                 /s/ *Mara Verheyden-Hilliard*
                 Mara Verheyden-Hilliard [450031]
                 mvh@justiceonline.org

/s/ *Nick Place*
Nick Place [LA0021]
nick.place@justiceonline.org

PARTNERSHIP FOR CIVIL JUSTICE FUND
617 Florida Ave. NW
Washington, D.C. 20001
(ph): 202-232-1180
(Fax) 202-747-7747

*Counsel for Defendant Jan Carey*