UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    Plaintiff,

   v.         Crim. Action No. <u>25-cr-251</u>

JAN CAREY,

    Defendant,

**UNITED STATES' MOTION TO DISMISS NATIONAL PARK POLICE VIOLATIONS**

The United States of America, by and through its undersigned attorney, hereby respectfully moves this Court for an order to dismiss with prejudice National Park Service violations E2393226 and E2393227 the Information filed in this matter against the Defendant pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure.

On or about August 25, 2025, Defendant, in Lafayette Park just north of the White House, placed an American flag on the ground and using a lighter, a plastic bottle of isopropyl alcohol, bug spray as an accelerant and without utilizing any protective barriers or extinguishers to protect any bystanders or other pedestrians, set an American flag on fire on the sidewalk feet from other individuals. Defendant was neither in possession of any items designed to contain the fire (such as a metal nonflammable receptacle) nor extinguish the fire to protect the public. The Defendant was subsequently arrested and issued Violation Notices E2393226 and E2393227 for violating 26 C.F.R. § 2.13(a)(1) and (3).

On August 27, 2025, the United Stats Defendant was charged with lighting and maintained a fire, not in a designated area and receptable and under conditions established by the superintendent and which caused a public safety hazard in violation of 18 U.S.C. § 1865(a), 54

1

U.S. Code § 100751(a), and 36 C.F.R. § 2.13(a)(1), (3). *United States v. Jan Carey*, 25-cr-251 (Aug. 27, 2025).

On or about March 13, 2026 the United States filed a Motion to Dismiss with Prejudice. *Id.* D.E. 26. On March 16, 2026, Chief Judge Boasberg, through a Minute Entry, granted the Governments Motion to Dismiss with Prejudice and the case was removed from the docket.

The Government was recently informed by Defendant's counsel that he received two Notices to Appear involving Violation E2393226 and E2393227, requiring his appearance on April 15, 2026. *See* Exhibit 1. These violations are the citations Defendant was issued with underlying the previously dismissed case, 25-cr-251.

Pursuant to Rule 48(a), "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a); *see also United States v. Poindexter*, 719 F. Supp. 6 (D.D.C. 1989).   The discretion accorded the DOJ under Rule 48(a) recognizes that "decisions to dismiss pending charges … lie squarely within the ken of prosecutorial discretion" and *"*at the core of the Executive's duty to see to the faithful execution of the laws.'" *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 741 (D.C. Cir. 2016) (citation omitted); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."). "[T]he Supreme Court has declined to construe Rule 48(a)'s 'leave of court' requirement to confer any substantial role for courts in the determination whether to dismiss charges." *Fokker Servs. B.V.*, 818 F.3d at 742.

The principal object of the "leave of court" requirement has been understood to protect a defendant against prosecutorial harassment when the government moves to dismiss an indictment over the defendant's objection. *Id.* (quoting *Rinaldi v. United States,* 434 U.S. 22, 29 n. 15 (1977)).

\* \* \* \*

Here, the factual allegations supporting the foundation of the Violations in these matters have already been dismissed with prejudice by the Chief Judge in 25-cr-251. As such, the United States is requesting that the Violations E2393226 and E2393227 be dismissed with prejudice, that the Defendant's appearance for April 15, 2026 be excused, that the Court inform the Central Violations Bureau of the dismissal of the violations in this matter, and the Clerk of the Court be directed to remove this matter from the docket.

Dated: April 8, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:    */s/ Rajbir S. Datta*
Rajbir S. Datta
N.Y. Bar No. 5206073
Assistant United States Attorney
United States Attorney's Office
601 D Street, N.W.
Washington, D.C.  20530
(202) 252-7687
Rajbir.Datta@usdoj.gov